IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| YOHAN WEBB, | ) | 8:19CV416 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA; PETE RICKETTS; CITY OF LINCOLN; LEIRON GAYLOR BAIRD; LANCASTER COUNTY; LINCOLN POLICE DEPT.; and JEFF BLIEMIESTER, | ) | |
| Defendants. | ) | |

Plaintiff, Yohan Webb, a pretrial detainee in the custody of the Lancaster County Department of Corrections, has recently filed a motion for a temporary restraining order (Filing 21) and a motion for an emergency injunction (Filing 28). Neither motion is related to the pending action, which concerns a prior arrest on July 25, 2018, and the conditions of his confinement from that date until his release on September 7, 2018. Consequently, both motions will be denied without prejudice.

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the court has had an opportunity to rule on the merits of the lawsuit. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 & n. 5 (8th Cir.1981). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (per curium). A moving party is not entitled to a preliminary injunction based on assertions that are different from the conduct asserted in the complaint, even if the new assertions might support additional claims against the same defendants. *Id.* (affirming denial of preliminary injunction when incarcerated plaintiff's complaint alleged inadequate medical treatment in violation of the Eighth

Amendment, but his motion for a preliminary injunction alleged other retaliatory conduct by prison officials); *see Allen v. Reid*, No. 15-CV-1905 (WMW/SER), 2016 WL 3136859, at *3 (D. Minn. June 3, 2016) (plaintiff prisoner not entitled to temporary restraining order or preliminary injunction for alleged mistreatment and retaliation that are unrelated to the claims alleged in his complaint); *Munt v. Schnell*, 777 F. App'x 181 (8th Cir. 2019) (per curium) ("To the extent [the plaintiff inmate] sought preliminary injunctive relief arising from a disciplinary matter and a related transfer, the motions were properly denied because they were unrelated to the subject matter of the instant complaint.").

Plaintiff was granted leave to proceed in forma pauperis on October 7, 2019, without assessment of an initial partial filing fee (Filing 18). His complaint (Filing 1) therefore will be reviewed in the normal course of the court's business to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A, or whether the action should proceed to service against one or more of the defendants. Plaintiff's other pending motions will be taken up on an as-needed basis following the court's initial review of the complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for a temporary restraining order (Filing 21) is denied without prejudice; and

2) Plaintiff's motion for an emergency injunction (Filing 28) is denied without prejudice.

DATED this 25th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge