IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| YOHAN WEBB, | ) | 8:19CV416 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| PETE RICKETTS; CITY OF LINCOLN; LEIRON GAYLOR BAIRD; LANCASTER COUNTY; and JEFF BLIEMIESTER, | ) | |
| Defendants. | ) | |

On November 1, 2019, the court ordered Plaintiff to file an amended complaint within 30 days or face dismissal of this action. (Filing 35.) To date, Plaintiff has not filed an amended complaint. He has, however, filed four motions.[1]

In Filing 36, Plaintiff renews his request for appointment of counsel. This motion will be denied for the reasons previously stated.

In Filing 38, Plaintiff requests that a 3-judge panel be appointed. This motion will be denied as frivolous. Plaintiff's action is not one which must be heard by a district court of three judges under 28 U.S.C. § 2284.

In Filing 39, Plaintiff renews his request for free copies of his pleadings. This motion will be denied for the reasons previously stated.

---

[1] Plaintiff also filed a change of address on December 16, 2019, indicating that he is no longer incarcerated at the Lancaster Department of Corrections, but has been civilly committed to the Lincoln Regional Center. (Filing 41.) Consequently, the court entered an order requiring Plaintiff to file a new application to proceed in forma pauperis ("IFP") or to pay the applicable fees. (Filing 42.) Plaintiff filed a new IFP application, which was granted on January 14, 2020. (Filings 43, 44.)

In Filing 40, Plaintiff again requests appointment of counsel and the convening of a 3-judge panel, and, in addition, requests an evidentiary hearing. This motion will be denied for the reasons previously stated, and because there is no need for a hearing.

In its previous memorandum and order, the court reviewed Plaintiff's complaint and determined that no plausible claim for relief was stated against any named Defendant. The court observed, however, that plausible § 1983 claims were stated against individuals whom Plaintiff was unable to identify by name: (1) a Fourth Amendment claim for false arrest alleged against a plain-clothes detective (described as a Caucasian male who was wearing a wrinkled, beige suit and driving an unmarked car) and a uniformed officer (described as a Caucasion female who was wearing a Lincoln Police Department uniform and driving a patrol car); (2) a Fourteenth Amendment conditions-of-confinement claim relating to his alleged placement on suicide watch at the Lancaster County Department of Corrections; (3) a Fourteenth Amendment excessive force claim against an unknown corrections officer who allegedly injured Plaintiff's shoulder by twisting his arm and forcibly putting him on the floor; and (4) a Fourteenth Amendment claim for allegedly being placed in administrative segregation for non-disciplinary reasons.

Although a complaint must include the names of all the parties, *see* Fed. R. Civ. P. 10(a), "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention."[2] *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *see Majors v. Baldwin*, 456 F. App'x 616, 617 (8th Cir. 2012)

---

[2] "It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995) (Posner, C.J.). This rule has been relaxed, however, in actions brought by pro se litigants. *Id.* In a number of cases analogous to that at bar, appellate courts have found error in a trial court's refusal to assist a pro se plaintiff in identifying a defendant. This is particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).

(per curiam; unpublished) (remanding for further consideration the pre-service dismissal of claims against unnamed defendants who it appeared could be identified); *Wheat v. Schriro*, 80 F. App'x 531, 534 (8th Cir. 2003) (per curiam; unpublished) (reversing dismissal of retaliation claim against unidentified third-shift corrections staff where "there is no reason to believe that on remand their identities could not be discovered"); *cf. Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (district court did not err in dismissing claims against Doe Defendants where complaint "does not sufficiently allege who the Doe Defendants are, what they allegedly did, what their position is for the City, or any other facts that would permit the Doe Defendants to be noticed or identified through discovery."); *Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (per curiam; unpublished) (affirming pre-service dismissal where the only named defendant, a prison warden, was not alleged to have any personal involvement in or direct responsibility for alleged denial of medical care, and it was impossible to discern from complaint which medical-staff employees were responsible for denying plaintiff care).

The identities of the arresting officers should not be difficult to ascertain through discovery, nor should it be difficult to discover which individuals who were responsible for placing Plaintiff on suicide watch and in administrative detention at the Lancaster County Department of Corrections. It may also be possible to discover the identity of the corrections officer who allegedly used excessive force against Plaintiff, although he is not described with any particularity in the complaint.

While the court has determined that Plaintiff's complaint fails to state a claim upon which relief may be granted against Lancaster County and the City of Lincoln, they have been named as Defendants and are alleged to be the employers of the individuals whom Plaintiff is unable to identify. The court therefore will allow Lancaster County and the City of Lincoln to be served with process so that Plaintiff may serve each of them with written interrogatories for the limited purpose of discovering the identity of the individuals who allegedly violated Plaintiff's constitutional rights.[3] The court will also expedite discovery by

---

[3] Plaintiff is referred to Federal Rule of Civil Procedure 33 and Nebraska Civil Rule 33.1 for applicable procedures regarding written interrogatories.

permitting Plaintiff to serve such interrogatories on the County and the City as soon as an appearance has been entered on behalf of such governmental entity.[4] Neither the County nor the City shall be required to respond to Plaintiff's complaint; it is the court's intention that each of them will be dismissed from the action unless named as a defendant in an amended complaint. If Plaintiff does not file an amended complaint within 120 days of today's date, this action will be dismissed without prejudice and without further notice.[5]

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to appoint counsel (Filing 36) is denied.

2. Plaintiff's motion for 3-judge court to review (Filing 38) is denied.

3. Plaintiff's motion for copies (Filing 39) is denied.

4. Plaintiff's motion for evidentiary hearing (Filing 40) is denied.

---

[4] Rule 26 of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). However, this court's General Order No. 2016-02 provides that "all pro se civil cases (where the plaintiff is proceeding without a lawyer) that are assigned to a district judge for trial, whether filed by a prisoner or not, are exempted from the disclosure and conference requirements of Federal Rule of Civil Procedure 26." (Filing 8, pp. 2-3, ¶ 17) "The court will not issue a scheduling packet in a pro se civil case assigned to a district judge. Instead, the court will issue a progression order, addressing discovery and other issues, approximately thirty days after the last defendant has answered. No discovery in pro se civil cases assigned to a district judge may take place until a progression order is entered unless the court's [*sic*] orders otherwise. Requests to engage in discovery before the court enters the progression order must be made by motion." (*Ibid.*, p. 3, ¶ 18) In this case, the court is ordering that Plaintiff may engage in limited discovery prior to the entry of a progression order.

[5] This deadline may be extended upon motion by Plaintiff, if good cause is shown.

5. This action shall proceed to service only against Defendants Lancaster County and City of Lincoln, and solely for the purpose of permitting Plaintiff to serve discovery documents on said Defendants in order to determine the identity of individuals who are employed by said Defendants and who are alleged to have violated Plaintiff's constitutional rights. Neither the County nor the City shall be required to respond to Plaintiff's Complaint (Filing 1), which the court has determined fails to state a claim upon which relief may be granted against said Defendants.

6. After service of process has been obtained and Defendants have entered an appearance, Plaintiff may serve written interrogatories upon Defendants for the limited purpose of discovering the identity of individuals who are alleged in the Complaint to have violated Plaintiff's constitutional rights.

7. Plaintiff shall have 120 days from today's date in which to file an amended complaint which states a claim upon which relief may be granted. In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

8. If Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

9. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

10. The clerk of the court is directed to complete a summons form and a USM-285 form for each of the following Defendants:

   a. Lancaster County
   c/o County Clerk
   555 South 10th Street, Suite 108
   Lincoln, Nebraska 68508

   b. City of Lincoln
   c/o City Clerk
   555 South 10th Street, Suite 103
   Lincoln, Nebraska 68508

11. The clerk shall forward the completed forms to the Marshals Service,[6] together with two (2) copies of each of the following filings: Plaintiff's Complaint (Filing 1); the court's Memorandum and Order entered on November 1, 2019 (Filing 35); and this Memorandum and Order.

12. The Marshals Service shall serve Defendants at the above-listed addresses by certified mail or any other method authorized by the Federal Rules of Civil Procedure.[7]

---

[6] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

[7] "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a

13. The clerk of the court is directed to set a pro se case management deadline using the following text: May 21, 2020: check for amended complaint.

DATED this 22nd day of January, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

defendant." Fed. R. Civ. P. 4(j)(2). "Any county, city, or village of [Nebraska] may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk." Neb. Rev. Stat. § 25-510.02(2).