IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>                Plaintiff,<br><br>vs.<br><br>PETE RICKETTS, et al.,<br><br>                Defendants. | 8:19CV416<br><br>**MEMORANDUM<br>AND ORDER** |

      Judgment was entered on July 10, 2020, dismissing this case without prejudice for lack of prosecution and failure to comply with this court's orders. (See Filings 59, 60.) On November 25, 2020, Plaintiff filed a motion for leave to proceed in forma pauperis (Filing 65). Liberally construing Filing 65 as a Rule 60(b) motion for relief from judgment, the court denied Plaintiff such relief in a memorandum and order entered on November 30, 2020 (Filing 67).

      On December 9, 2020, Plaintiff renewed his motion for leave to proceed in forma pauperis (Filing 70). Liberally construing this filing as another Rule 60(b) motion, it will be denied for the same reasons that were set out in the court's previous memorandum and order.

      The Lancaster County Department of Corrections released Plaintiff from its custody on May 13, 2020 (see Filing 55), but Plaintiff did not provide the court with a change of address until July 9, 2020 (see Filing 58), and any mailings sent to that address were returned to the court as undeliverable (see Filings 57, 61, 62.) Plaintiff did not request a status report from the court until November 9, 2020 (Filing 63), even though he knew the case would be dismissed if an amended complaint was not filed by May 21, 2020. (See Filing 45).[1] "Plaintiff, even proceeding *pro se*, bears the

---

[1] Because Plaintiff did not know the names of individual defendants, the court in a memorandum and order entered on January 22, 2020 (Filing 45), allowed Lancaster County and the City of Lincoln to be served with process for the sole

burden of establishing excusable neglect. Being homeless and a *pro se* litigant alone is not authority to reinstate the complaint." *Figueroa v. City of Corpus Christi*, No. 2:15-CV-339, 2016 WL 7228553, at *2 (S.D. Tex. Dec. 14, 2016).

Because this action was dismissed without prejudice, Plaintiff is free to file a new lawsuit raising the same claims. However, because Plaintiff is once again a prisoner, the provisions of the Prison Litigation Reform Act will apply to such a filing. Consequently, Plaintiff will be responsible for paying another $350.00 filing fee even if he is granted leave to proceed in forma pauperis.

The present action was properly dismissed and will not be revived. **Because Plaintiff is once again a prisoner, he is cautioned that that the filing of a notice of appeal will make him liable for payment of the full $505.00 appellate filing fee regardless of the outcome of the appeal.** This is because the Prison Litigation Reform Act requires an incarcerated civil appellant to pay the full amount of the $505.00 appellate filing fee by making monthly payments to the court, even if he or she is proceeding in forma pauperis. 28 U.S.C. § 1915(b) By filing a notice of appeal, Plaintiff will be consenting to the deduction of the $505.00 filing fee from his prison account by prison officials.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Filing 70) is denied in all respects.

Dated this 15th day of December, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

purpose of Plaintiff conducting discovery to ascertain the identities of County and City employees who allegedly violated his constitutional rights. The court gave Plaintiff 120 days to conduct such discovery and to file an amended complaint.

2